ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| MARTHA HELENA BLANDON CORREA RECURRIDA | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo |
|---|---|---|
| v. | KLCE202400114 | |
| JOHN DOE H/N/C NATIONAL LUMBER & HARDWARE Y OTROS PETICIONARIOS | | Caso Número: FA2021CV00563 |
| | | Sobre: Caída |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de febrero de 2024.

Comparecen JOHN DOE H/N/C NATIONAL LUMBER & HARDWARE Y OTROS (National Lumber; demandada; peticionaria) mediante un recurso de *certiorari*, en el cual se recurre de la *Sentencia Parcial y Resolución bajo la Regla 36.4*, emitida y notificada el 12 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI).

Adelantamos que se deniega la expedición del auto de *certiorari*.

**I**

El 26 de julio de 2021, Martha Helena Blandon Correa (demandante; recurrida), presentó una Demanda contra National Lumber sobre daños y perjuicios, a consecuencia de una caída. Alega la demandante que sufrió la caída "el 17 de julio de 2021, en las inmediaciones del acceso peatonal de la tienda […] NATIONAL LUMBER & HARDWARE en Río Grande."[1] El 29 de septiembre de 2021, National Lumber presentó su *Contestación a la Demanda*, en la cual negó las alegaciones de la negligencia imputada. [2]

---

[1] Apéndice del recurso, pág, 1; Apéndice del recurso, pág. 647.
[2] Apéndice del recurso, págs. 24-28.

Número Identificador
RES2024_____

El 11 de marzo de 2022, al celebrarse la Conferencia Inicial, se informó al TPI que se coordinaron la toma de deposiciones a las partes y otros trámites del descubrimiento de prueba.[3]

El 13 de abril de 2022, la demandante presentó una *Primera Demanda Enmendada* para añadir como parte codemandada al Municipio de Rio Grande en cuanto a la misma reclamación incoada contra National Lumber[4] y, en esa misma fecha, se emitió por el TPI una *Orden*, notificada el 21 de abril de 2022, la cual admitió la *Primera Demanda Enmendada*.[5] Posteriormente, el 14 de septiembre de 2022, la demandante presentó una *Segunda Demanda Enmendada* para corregir el epígrafe.[6] El TPI emitió y notificó, el 14 de septiembre de 2022, una *Orden* la cual admitió la *Segunda Demanda Enmendada*.[7] El 14 de septiembre de 2022, el Municipio de Rio Grande presentó su *Contestación a la Segunda Demanda Enmendada*.[8]

La Demandante envió a National Lumber un *Primer Pliego de Interrogatorios* y *Requerimiento de Producción [de Documentos]*, con fecha del 6 de abril de 2022.[9] La peticionaria presentó, el 13 de septiembre de 2022, sus contestaciones al pliego, juramentadas por el señor Ángel Román Zeno, Director de Recursos Humanos.[10]

El 12 de julio de 2023, las partes presentaron un Informe de Conferencia con Antelación a Juicio.[11] La Conferencia con Antelación al Juicio se celebró el 14 de julio de 2023. En lo pertinente al recurso presentado por National Lumber, el TPI dispuso lo siguiente: 5 días al demandante para cumplir con la R. 27.6 con relación a la deposición que tomara el 5 de septiembre; 10 días a la parte demandante para circular a las demás partes las copias identificadas de los documentos anunciados en evidencia;15 días a las partes contrarias para reaccionar; [e]stablace

---

[3] Apéndice del recurso, págs. 46 - 48.
[4] Apéndice del recurso, págs. 53 - 56.
[5] Apéndice del recurso, pag. 57.
[6] Apéndice del recurso, págs. 112-114.
[7] Apéndice del recurso, pag. 117.
[8] Apéndice del recurso, págs. 118-122.
[9] Apéndice del recurso, págs. 454-466; Entrada Núm. 108, Anejo 1 en SUMAC.
[10] Apéndice del recurso, págs. 467-473.
[11] Apéndice del recurso, págs. 172-203

para el 31 de octubre del presente, la fecha límite para someter enmiendas al informe preliminar, que surjan en cuanto a la deposición; [s]eñala continuación de Conferencia con Antelación a Juicio para el 9 de noviembre de 2023  las 10 de la mañana mediante videoconferencia; y, [s]eñala Juicio en su Fondo para los días 27, 28 y 29 de febrero del 2024 en el salón 302 a las 10 de la mañana según anunciado.[12]

El 5 de septiembre de 2023, se tomó la deposición del señor Rubén Santiago Huertas (Sr. Santiago Huertas) designado para testificar a nombre de National Lumber.[13] El Sr. Santiago Huertas declaró que ni él, ni nadie en National Lumber tiene conocimiento personal sobre los hechos que se exponen en la demanda.

El 20 de septiembre de 2023, la parte demandante presentó una *Moción en Solicitud de Orden* mediante la cual solicitó permiso para deponer a tres empleados más de National Lumber, que se mencionan en la deposición, identificados como sigue: Sr. Ángel Román, gerente de personal de National Lumber, Sra. Alicia Román, asistente de gerente, y el Sr. Edgardo Cepeda, Gerente de National Lumber.[14] El TPI le requirió a la Demandante a presentar para récord la transcripción de la deposición del Sr. Santiago Huertas. National Lumber presentó una *Oposición a "Moción informativa y en cumplimiento de orden" y solicitud de sanciones*.

El TPI emitió una Orden el 27 de octubre de 2023, notificada  el 30 de octubre de 2023, en la cual declaró no ha lugar la *Moción en Solicitud de Orden*, y determinó que surge de la transcripción de la deposición corporativa de National Lumber "anejada al escrito titulado MOCION INFORMATIVA Y EN CUMPLIMIENTO DE ORDEN (Entrada 98) que el testimonio fue a los efectos que ningún empleado de esta tenía conocimiento de donde provienen los tubos a los cuales alude la parte Demandante (98-1 pág. *15)* y que el Sr. Ángel Román, la Sra. Alicia Román, y el Sr. Edgardo Cépeda tampoco tienen conocimiento de ello."[15]

---

[12] Apéndice del recurso, págs. 211-212.
[13] Apéndice del recurso, págs. 591-612.
[14] Apéndice del recurso, págs. 285-304.
[15] Apéndice del recurso, págs. 370-372.

El 8 de noviembre de 2023, al culminar el descubrimiento de prueba, las partes presentaron el Informe Enmendado de Conferencia Preliminar con Antelación a Juicio ("IECAJ").[16] La parte demandante anunció como sus testigos adversos al Sr. Ángel Román, la Sra. Alicia Román, y el Sr. Edgardo Cépeda, empleados de National Lumber, quienes testificarán "[s]obre su conocimiento personal sobre los hechos de este caso, el desagüe de la pared de National Lumber, y como el agua se empoza en la entrada de la ferretería".[17]

El 9 de noviembre de 2023, el TPI celebró la Conferencia con Antelación a Juicio y el Juicio en su Fondo quedó señalado para el 27 de febrero de 2024, continuando los días 28 y 29 de febrero, de ser necesario. Además, se informó que National Lumber estaría presentando una moción de sentencia sumaria dentro del plazo dispuesto en la Regla 36 de Procedimiento Civil.[18]

National Lumber presentó el 15 de noviembre de 2023, una Moción de Sentencia Sumaria, en su modalidad de insuficiencia de la prueba.[19] Previamente, el Municipio de Rio Grande presentó una Moción de Sentencia Parcial, el 16 de octubre de 2023.[20] La demandante presentó sus oposiciones sobre ambas mociones de sentencia sumaria.[21]

El 12 de diciembre de 2023, el TPI emitió la *Sentencia Parcial y sumaria.*[22] El Tribunal dictó Sentencia Parcial que desestimó la demanda en cuanto al Municipio de Rio Grande y denegó la moción de sentencia sumaria de National Lumber, por lo que dispuso la continuación de los procedimientos del juicio señalado para los días 27, 28 y 29 de febrero de 2024.

---

[16] Apéndice del recurso, págs. 377-412.
[17] Apéndice del recurso, pág. 388.
[18] Apéndice del recurso, pág. 413.
[19] Apéndice del recurso, págs. 439-613.
[20] Apéndice del recurso, págs.311-338.
[21] Apéndice del recurso, págs.620-640.
[22] Apéndice del recurso, págs.646-659.

National Lumber presentó una *Moción de Reconsideración*, el 26 de diciembre de 2023.[23] El TPI denegó la *Moción de Reconsideración* mediante *Resolución* emitida y notificada el 3 de enero de 2024.[24]

Inconforme, National Lumber presentó un recurso de *certiorari* en el cual expone el siguiente señalamiento de error:

> El Tribunal [Superior] incidió al denegar una moción de sentencia sumaria por insuficiencia de la prueba única y exclusivamente a base de prueba no descubierta e inadmisible que consiste en alegaciones especulativas del abogado de la parte promovida sobre lo que testificará en juicio un testigo adverso.

Resolvemos sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[25]

**II**

**A**

El auto de *certiorari* es el vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016). En esencia consiste en un recurso extraordinario caracterizado por que descansa en la discreción del tribunal para su expedición, la cual no es irrestricta. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). El tribunal tiene discreción para atender el asunto planteado, bien sea para expedir o denegar el auto. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). En estos casos procede un análisis dual para determinar si se expide o no un recurso de *certiorari*, el cual consta de una parte objetiva y otra subjetiva.

Primero, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LRPA Ap. V, R. 52.1, establece que el recurso de *certiorari* para revisar resoluciones interlocutorias del Tribunal de Primera Instancia será expedido, entre otros, cuando se recurra de la denegatoria de una moción

---

[23] Apéndice del recurso, págs. 664-672.
[24] Apéndice del recurso, págs. 673-675.
[25] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

de carácter dispositivo u alguna orden bajo las Reglas 56 y 57. A esos efectos, el primer examen para que un recurso de *certiorari* sea expedido es que tenga cabida bajo uno de los escenarios contemplados en la Regla 52.1, *supra*.

Superada esta primera etapa, procede examinar si se justifica nuestra intervención a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 40. Recuérdese que es un recurso que depende de la discreción del tribunal revisor. Conforme a esta Regla, los criterios que justifican nuestra intervención son los siguientes:

> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, la discreción judicial no opera en el vacío. En etapa de revisión judicial es norma reiterada que el Tribunal de Apelaciones no habrá de intervenir con el ejercicio de discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012) (citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido, por tanto, debemos ejercer nuestra discreción para evaluar si, a la luz de estos criterios, se requiere nuestra intervención. Si no fuera así, procede que nos abstengamos de expedir el auto, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de primera instancia.

**B**

En nuestro ordenamiento jurídico, la sentencia sumaria responde al propósito de aligerar la conclusión de los pleitos eliminando el juicio en su fondo, pero siempre y cuando no exista una legítima disputa de hecho a ser dirimida, de modo que lo restante sea aplicar el derecho solamente". *Jusino et als. v. Walgreens*, 155 DPR 560, 576 (2001). Véase, además, *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018). Conforme a la Regla 36 de Procedimiento Civil, *supra*, para adjudicar una moción de sentencia sumaria se requiere la presentación de "una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente" bien sea sobre la totalidad de la reclamación o parte de esta. En este sentido, un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Por ello, "[l]a controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

En armonía con lo anterior, la sentencia sumaria solo debe dictarse en casos claros. Si no existe certeza sobre todos los hechos materiales en la controversia, no procede que se dicte sentencia sumaria. Sin embargo, se ha establecido que la sentencia sumaria, "[p]rocede, aunque se hayan alegado hechos que aparenten estar en controversia, pero cuando el promovente logre demostrar preponderantemente, y mediante dicha prueba documental, que en el fondo no existe controversia sobre los hechos medulares." *Jusino et als. v. Walgreens*, *supra*, a la pág. 577. Ante esta situación, la parte promovida debe "defenderse de la misma forma, es decir, apoyándose a su vez de documentos u otra evidencia admisible." *Id*. En fin, toda vez que la sentencia sumaria es un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para

su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley." *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 611 (2000). Siendo esto así, solo procede que se dicte la sentencia sumaria "cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia." *Meléndez González v. M. Cuebas*, *supra*, a las págs. 109-110.

Según se ha reiterado jurisprudencialmente, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) considerar solamente los documentos que se presentaron ante el foro de primera instancia; y (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. Esto es, estamos impedidos de adjudicar los hechos materiales esenciales en disputa. *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004). El deber de adjudicar hechos materiales y esenciales es una tarea que le compete al Tribunal de Primera Instancia y no al foro intermedio.

Sabido es que este mecanismo procesal exige el cumplimiento de requisitos de forma para su validez. Respecto a la presentación de una moción de sentencia sumaria se requiere que esté "fundada en declaraciones juradas o en evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes". 32 LPRA Ap. V., R. 36.1. Asimismo, la oposición a esta solicitud debe cumplir requisitos similares. *Id.* R. 36.2. Inclusive, el Tribunal de Primera Instancia que resuelve que no procede una moción de sentencia sumaria debe satisfacer requerimientos de forma para la validez de su dictamen. Precisamente, la Regla 36.4 de Procedimiento Civil dispone lo siguiente:

Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.

A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno.

En ese sentido, se ha pautado que en esencia "esta regla procesal delimita las instancias en las que el tribunal estará obligado a resolver la moción de sentencia sumaria presentada 'mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos.'" *Pérez Vargas v. Office Depot*, 203 DPR 687, 697 (2019). A tal efecto, es "por ello que se le requiere al tribunal que consigne los hechos sobre los cuales no hay controversia, puesto que será *innecesario* pasar prueba sobre éstos durante el juicio." *Id.* Así las cosas, fue reconocido por el Comité Asesor que el propósito de introducir esta exigencia es "a los fines de que no se tenga que relitigar los hechos que no están en controversia." *Id.*, que cita a Secretariado de la Conferencia Judicial y Notarial, *Informe de Reglas de Procedimiento Civil*, Tribunal Supremo de Puerto Rico, marzo de 2008, pág. 406. De igual forma, la Regla 42.2 de Procedimiento Civil, *supra*, establece que cuando se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal debe dar fiel cumplimiento a la Regla 36.4 en cuanto a las determinaciones de hechos.

**III**

**La parte peticionaria señala que el TPI se equivocó al** denegar una moción de sentencia sumaria parcial por insuficiencia de la prueba

única y exclusivamente a base de prueba no descubierta e inadmisible que consiste en alegaciones especulativas del abogado de la parte promovida sobre lo que testificará en juicio un testigo adverso.

Según surge de la *Sentencia Parcial y Resolución, bajo la Regla 36.4*, la denegatoria del TPI está fundamentada únicamente a base de que existen otros tres testigos anunciados por la Demandante: Ángel Román, Edgardo Cepeda, y Alicia Román. Estos testigos son empleados de National Lumber que la Demandante anuncia como testigos adversos a los fines de recibir su testimonio "[s]obre su conocimiento personal sobre los hechos de este caso, el desagüe de la pared de National Lumber, y como el agua se empoza en la entrada de la ferretería".[26] El Tribunal fundamentó su dictamen como sigue:

> Ciertamente, surge de la transcripción de la deposición corporativa de National que el testimonio del representante corporativo fue a los efectos que ningún empleado de esta, incluyendo el Sr. Ángel Román, la Sra. Alicia Román, y el Sr. Edgardo Cépeda, tenía conocimiento de donde provienen las tuberías por las cuales la Demandante entiende que discurre el agua empozada hasta la acera. Sin embargo, National escogió no someter declaraciones de estos testigos, que son empleados suyos, para que ellos declararan bajo juramento si tienen o no conocimiento de donde proviene el agua que alegadamente creó una condición peligrosa y provocó la caída. Sin eso, y a base de la declaración del representante corporativo exclusivamente, no podemos adjudicar como hecho incontrovertido la ausencia de conocimiento de los testigos anunciados por la Demandante.[27]

Luego, al denegar la moción de reconsideración, el TPI expresó lo siguiente:

> En las circunstancias del presente caso, estimamos excesivo exigir a la Demandante presentar declaraciones juradas de testigos anunciados por ella que son empleados de la codemandada. No resultan irreconciliables las determinaciones previas del tribunal rechazando los esfuerzos tardíos de la Demandante para llevar a cabo descubrimiento de pruebas adicional, con la proposición de la Demandante que estos testigos, cuyas deposiciones anunciadas inoportunamente no se declararían en juicio en contrario a los declarado por su patrono en deposición. La representación legal de la Demandante hace estas representaciones sujeto a las exigencias y repercusiones de las Reglas 9.1 y 9.3 de Procedimiento Civil. En lo que se refiere a las determinaciones de hechos contenidas en la Sentencia Parcial, aclaramos que, en el contexto de las

---

[26] Apéndice del recurso, pág. 388.
[27] Apéndice del recurso, págs. 658-659.

Reglas 36.3 y 36.4 de Procedimiento Civil, el tribunal adjudica como incontrovertidos únicamente aquellos hechos probados mediante prueba competente.[28]

En primer lugar, para determinar si debemos expedir el auto de *certiorari* solicitado, nos corresponde determinar si el asunto planteado versa sobre alguna de las materias contenidas en la **Regla 52.1 de las de Procedimiento Civil**, 32 LPRA Ap., V, R. 52.1. Se recurre sobre una resolución que deniega una moción de sentencia sumaria.

Se ha señalado que "los litigantes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes y resoluciones de asuntos que no estén cobijados bajo las disposiciones de la Regla 52.1". Hernández Colón, *Derecho Procesal Civil*, 5ta ed., Lexis Nexis, San Juan, 2010, pág. 476. Por ello, se ha planteado que el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente cuando el mismo gire en torno a alguna materia extraña a las disposiciones de la citada Regla 52.1, *supra*. Además, somos del criterio que el manejo del caso por el TPI ha sido apropiado, por lo que debemos abstenernos de intervenir. No vemos asomo de prejuicio, parcialidad o error craso por parte del TPI, ni consideramos que ésta sea la etapa más propicia para nuestra intervención, pues pudiéramos causar un fraccionamiento indebido del proceso y una dilación indeseable en la solución final de la controversia. Tampoco estamos ante una situación que requiera nuestra intervención para evitar un posible fracaso de la justicia. Regla 40 (C) (E) (F) y (G), del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B; *IG Builders v. BBVAPR*, *supra*; *Rivera Figueroa v. Joe's European Shop*, *supra*.

**IV**

Por lo antes expuesto, denegamos la expedición del auto de *certiorari.*

---

[28] Apéndice del recurso. pág. 675.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones